United States District Court
Southern District of Texas
**ENTERED**
December 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OVERILLE DENTON THOMPSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00154 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTIONS FOR A TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

Plaintiff Overille Denton Thompson, Jr., a Texas inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for a temporary restraining order (TRO) (D.E. 2, 12) and for a preliminary injunction (D.E. 7). For the reasons set forth below, it is respectfully recommended that these motions be **DENIED**.

## I.     PROCEDURAL BACKGROUND AND ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit.

In his original complaint, Plaintiff sues the Texas Department of Criminal Justice (TDCJ) and TDCJ Director Bobby Lumpkin. (D.E. 1). Plaintiff's allegations reference Board Policy 3.91 (BP-3.91) which prohibits offenders from possessing certain sexually explicit items and images. According to Plaintiff, the TDCJ amended BP-3.91, effective August 1, 2021, by broadening the definition of sexual explicitness to include a ban on any drawings, photos/publications, magazines, or any type of image that depicts any sexual behavior intended to cause sexual excitement or arousal, displays buttocks or partially covered buttocks of either gender, shows the discharge of bodily fluids in the context of sexual activity, or shows sexual activity from any vantage point. (D.E. 1, p. 4).

Plaintiff claims that Defendants have implemented an overly oppressive policy change in violation of his First Amendment, Eighth Amendment, due process, and equal protection rights. (D.E. 1, pp. 6-10). Plaintiff avers that Defendants' wrongful conduct will cause him to suffer financial loss and mental anguish due to any possible unauthorized and intentional deprivation of his personal property deemed to be barred by the BP-3.91. (D.E. 1, p. 10). Plaintiff seeks injunctive relief. (D.E. pp. 10-11).

Along with his complaint, Plaintiff filed a motion for a TRO. (D.E. 2). Plaintiff asks the Court to temporarily halt Defendants from executing the new policy change in BP-3.91 until he has paid the full filing fee in this case and until the Court has determined whether a preliminary injunction is necessary to prevent irreparable injury. (D.E. 2, p. 3).

Plaintiff subsequently filed a motion for preliminary injunction. (D.E. 7). In this motion, Plaintiff asserts that the implementation of amended BP-3.91 will cause him to

suffer possible irreparable injury in that Defendants would ultimately have authority to confiscate eight photograph albums and ten magazines from Plaintiff containing non-nude sexually explicit images mailed to him by family and friends over his five years in prison. (D.E. 7, p. 3). Plaintiff asks the Court to issue a preliminary injunction requiring Defendants to preserve and return his personal property if confiscated and to return to their enforcement of the former provision of BP-3.91. (D.E. 7, p. 12).

In his amended motion for a TRO, Plaintiff asks the Court to stop implementation of the new policy until a hearing is scheduled on Plaintiff's motion for a preliminary injunction. (D.E. 12, p. 1). Plaintiff states in his declaration that: (1) on October 12, 2021, the McConnell Unit was placed on a period of lockdown, meaning that any items possessed by offenders and identified as contraband would likely be confiscated and destroyed; and (2) his personal property, which is the subject of this lawsuit, would likely be confiscated and destroyed within ten to fourteen days of October 12, 2021. (D.E. 13, p. 2).

Defendants respond that Plaintiff is not entitled to either a TRO or preliminary injunction because he cannot satisfy any of the elements to be entitled to preliminary injunctive relief. (D.E. 18, pp. 3-7).

## II. DISCUSSION

### A. Motion for TRO

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing,

and no longer." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974). A party may obtain a TRO without notice to the other side if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff has alleged no facts in his motion showing that "immediate and irreparable injury, loss, or damage" occurred before Defendants could be heard in this case. He further has provided no written certification of any efforts made to give notice or proffer any reasons why notice should not be required. Plaintiff's motions for a TRO as amended (D.E. 2, 12 ), therefore, are without merit and should be denied.

### B. Motion for Preliminary Injunction

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for

its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

To obtain preliminary injunctive relief, Plaintiff first must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado*, 729 F.3d at 417. The posture of this case is in the early stage, and the parties have not conducted any discovery in this case with respect to Plaintiff's claims. In addition, Defendants have filed a motion to dismiss each of Plaintiff's claims, which is pending before the Court. (D.E. 11). The undersigned concludes that Plaintiff has failed to show a likelihood of success at this time with respect to the merits of his First Amendment, Eighth Amendment, due process, and equal protections claims.

Second, in order to obtain preliminary injunctive relief, Plaintiff must show he will suffer irreparable harm if the injunction is denied. *Sepulvado*, 729 F.3d at 417. While indicating that the certain personal property was likely to be confiscated from him during a recent lockdown period, Plaintiff has presented nothing to show that such property was in fact confiscated from him pursuant to amended BP-3.91. Because his complaints of irreparable harm are speculative at this time, he cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

Under the third and fourth elements, Plaintiff must demonstrate that the threatened injury outweighs any damage that the injunction might cause the defendant and that the

injunction will not disserve the public interest. *Sepulvado*, 729 F.3d at 417. His allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison system. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

Lastly, interference with TDCJ policies at this early stage in the proceedings, would not be in the public's interest without a without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey*, 836 F.2d at 951. Accordingly, Plaintiff has failed to demonstrate either the third or fourth elements of the preliminary injunctive standard.

### III.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motions for a TRO (D.E. 2, 12) and for a preliminary injunction (D.E. 7) be **DENIED**.

Respectfully submitted on December 29, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).