Case 2:21-cv-00154   Document 22   Filed on 03/07/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| OVERILLE DENTON THOMPSON, JR., § § Plaintiff, § § VS. § § BOBBY LUMPKIN, *et al.*, § § Defendants. § | CIVIL ACTION NO. 2:21-CV-00154 |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 19). The M&R recommends that Plaintiff's motions for a temporary restraining order (D.E. 2, D.E. 12) and for a preliminary injunction (D.E. 7) be denied. (D.E. 19, p. 6). Plaintiff timely filed objections to the M&R on January 20, 2022. (D.E. 21).

First, Plaintiff objects that the M&R based its decision to recommend denying Plaintiff injunctive relief on Plaintiff's inadvertent use of the word "possible" rather than "probable" when Plaintiff was arguing likelihood of irreparable harm. *Id.* at 1. Plaintiff argues that the M&R focused on this word, and as such, mischaracterized his argument. *Id.* However, contrary to Plaintiff's assertions, the M&R did not recommend denying injunctive relief based on Plaintiff's use of the word "possible." *See* (D.E. 19). Rather, the M&R concluded that injunctive relief should be denied because Plaintiff "cannot

demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied." *Id.* at 5. The Court agrees and, as such, **OVERRULES** Plaintiff's objection.

Second, Plaintiff objects that the M&R failed to provide a full procedural background concerning the "attack" on his complaint. (D.E. 21, p. 2). Because of this, Plaintiff argues that the "fact-finding process" was rendered defective, which could mislead the Court to "overlook the omitted relevant facts and arguments presented" by Plaintiff. *See* (D.E. 19, p. 1–3). The Court has carefully reviewed the record and **OVERRULES** Plaintiff's objection.

Third, Plaintiff objects to the M&R's findings recommending dismissal of his motions for a temporary restraining order ("TRO") and preliminary injunction. (D.E. 21, p. 3, 6). Generally, Plaintiff claims that the M&R uses an erroneous legal standard and misapplies this standard to the facts of this case. *See generally* (D.E. 21, p. 3–7). However, after making a de novo review, the Court finds that the M&R used the correct legal standard and correctly applied that standard. *See* (D.E. 19, p. 4–6). Plaintiff has neither alleged facts showing that "immediate and irreparable injury, loss, or damage" occurred nor met his burden of proving the elements necessary for a preliminary injunction. *See* FED. R. CIV. P. 65; *see also Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536–37 (5th Cir. 2013). The Court therefore **OVERRULES** Plaintiff's objections.

Having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R

to which the Plaintiff's objections were directed, 28 U.S.C. § 636(b)(1), the Court **OVERRULES** Plaintiff's objections (D.E. 21). Accordingly:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 19).

(2) The Court **ORDERS** that Plaintiff's motions for a TRO are **DENIED** (D.E. 2; D.E. 12).

(3) The Court **ORDERS** that Plaintiff's motion for a preliminary injunction is **DENIED** (D.E. 7)

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
       March ___, 2022