Case 2:21-cv-00154 Document 26 Filed on 09/07/22 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OVERVILLE DENTON THOMPSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-cv-00154 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 23). The M&R recommends that Defendants Bobby Lumpkin and the Texas Department of Criminal Justice's motion to dismiss, (D.E. 11), be granted-in-part and denied-in-part. (D.E. 23, p. 26). Plaintiff timely filed written objections to the M&R. (D.E. 25).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff first objects that the M&R "plainly overlooked critical facts" enumerated in his complaint, leading to an improper recommendation to dismiss his due process claim. (D.E. 25, p.

---

[1] While Plaintiff's objections were not filed until August 3, 2022, it appears he delivered the objections to prison officials on July 22, 2022. (D.E. 25, p. 8). Accordingly, his objections are timely. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) ("[A] pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court.").

1–4). Plaintiff also argues that dismissing his due process claim is improper because his property will inevitably be confiscated under BP-03.91. *Id.* at 4. Contrary to Plaintiff's assertion, the M&R did not overlook any facts enumerated in his complaint. Rather, Plaintiff seems to simply be re-urging this Court to consider his due process claim. *See* (D.E. 1, p. 8–9). Moreover, whether the confiscation of Plaintiff's property is inevitable under BP-03.91 is irrelevant. As the M&R notes, Plaintiff has not alleged a property deprivation at this time and fails to state a procedural due process claim. (D.E. 23, p. 22–23). The Court agrees with the M&R and **OVERRULES** Plaintiff's objection.

Plaintiff's next objects that the M&R overlooked and failed to apply Fifth Circuit precedent. (D.E. 25, p. 4–5). Plaintiff fails to provide any support for this argument. *See id.* Instead, Plaintiff appears to argue that because he believes the M&R overlooked relevant facts, it must also have overlooked relevant law. *See id.* It has not. The Court has carefully reviewed the record and **OVERRULES** Plaintiff's objection.

Plaintiff lastly objects that the Court should allow him to proceed on his due process claim and amend his complaint after further discovery. (D.E. 25, p. 5). Plaintiff further argues that Defendants are not entitled to qualified immunity. *Id.* at 5–7. Because this Court agrees with the M&R that Plaintiff has failed to state a claim for relief, Plaintiff's request to amend his complaint is moot. *See* (D.E. 23, p. 11 n.2). Similarly, the Court agrees with the M&R that Defendant Texas Department of Criminal Justice is entitled to qualified immunity in its capacity as an instrumentality of the state. *Id.* at 8; *see also Aguilar v. Texas Dep't Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("[A]s an instrumentality of the state, [Texas Department of Criminal Justice] is immune from . . . suit on Eleventh Amendment grounds."). The Court also agrees with the M&R that because Plaintiff has failed to state a claim for relief with respect to his First Amendment,

Eighth Amendment, equal protection, and due process claims, it is unnecessary to further analyze whether Defendant Lumpkin is entitled to qualified immunity. (D.E. 23, p. 26). The Court has carefully reviewed the record and **OVERRULES** Plaintiff's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections. (D.E. 25). Accordingly:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 23).

(2) The Court **DENIES** Defendants' motion to dismiss to extent that: (a) Plaintiff's claims against Lumpkin in his official capacity are not barred by the Eleventh Amendment; and (b) Defendants rely on the *Parratt/Hudson* doctrine as cause to dismiss Plaintiff's due process claim. (D.E. 11).

(3) The Court **GRANTS** Defendants' motion to dismiss to the extent that: (a) Plaintiff's § 1983 claims against the Texas Department of Criminal Justice are **DISMISSED without prejudice** as barred by the Eleventh Amendment; and (b) Plaintiff's First Amendment, Eighth Amendment, and equal protection claims against Defendant Lumpkin in his individual and official capacities are **DISMISSED with prejudice** for failure to state a claim for relief and/or on qualified immunity grounds. (D.E. 11).

(4) The Court **DISMISSES** Plaintiff's due process claim against Defendant Lumpkin in his individual and official capacities for failure to state a claim for relief/and or on qualified immunity grounds. (D.E. 1).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 7, 2022