UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OVERILLE DENTON THOMPSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00154 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Overille Denton Thompson, Jr., a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 28). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I. BACKGROUND**

In his Original Complaint, Plaintiff sued the Texas Department of Criminal Justice (TDCJ) and TDCJ Director Lumpkin (collectively "Defendants"). (D.E. 1). Plaintiff claimed that Defendants recently implemented amendments to Texas Board of Criminal Justice Policy 03.91 (BP-03.91) in violation of his First Amendment, Eighth Amendment, due process, and equal protection rights. (*Id.* at 6-10). Plaintiff asserted that Defendants'

wrongful conduct will cause him to suffer financial loss and mental anguish due to any possible unauthorized and intentional deprivation of his personal property deemed to be barred as contraband by amended BP-03.91. (*Id.* at 10). Plaintiff sought injunctive relief in the form of compelling Defendants to reinstate their previous policy. (*Id.* at 10-11).

Plaintiff filed motions for a temporary restraining order (TRO) and for a preliminary injunction, essentially asking the Court to cease implementing amended BP-03.91 and return to the former policy. (D.E. 2, 7, 12). On December 19, 2021, the undersigned issued a Memorandum and Recommendation (December 19, 2021 M&R), recommending that the Court deny these motions. (D.E. 19). District Judge David S. Morales subsequently overruled Plaintiff's objections and adopted the December 19, 2021 M&R in its entirety. (D.E. 22).

On October 12, 2021, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 11). On July 6, 2022, the undersigned issued a Memorandum and Recommendation (July 6, 2022 M&R), recommending that Defendants' motion be granted to the extent that:

- Plaintiff's § 1983 claims against TDCJ be dismissed without prejudice as barred by the Eleventh Amendment; and

- Plaintiff's First Amendment, Eighth Amendment, and equal protection claims against Lumpkin in his individual and official capacities be dismissed with prejudice for failure to state a claim for relief and/or on qualified immunity grounds.

(D.E. 23). The undersigned further respectfully recommended that Defendants' motion be denied to the extent that:

- Plaintiff's claims against Lumpkin in his official capacity are not barred by the Eleventh Amendment; and

- Defendants rely on the *Parratt/Hudson* doctrine as a basis for dismissal of Plaintiff's due process claim.

(*Id.*).

On September 7, 2022, District Judge Morales overruled Plaintiff's objections and adopted the July 6, 2022 M&R in its entirety. (D.E. 26). Because the September 7, 2022 Order dismissed all of Plaintiff's claims raised in this action, the Court entered Final Judgment against Plaintiff on September 20, 2022. (D.E. 27). Plaintiff has filed a Rule 59(e) Motion to Alter or Amend Judgment. (D.E. 28).

## II. DISCUSSION

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. In other words, "a

'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction' and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court." *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, No. H-08-2379, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (quoting *Alvarado v. Texas Rangers*, No. 03-CA-0305, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

In his Rule 59(e) motion, Plaintiff argues that: (1) he stated a due process claim because his property will inevitably be confiscated; (2) the Court failed to properly apply Fifth Circuit precedent to his due process claim; and (3) Defendant Lumpkin is not entitled to qualified immunity. (D.E, 28, pp. 1-3). Each of these arguments were raised by Plaintiff in his objections to the July 6, 2022 M&R and rejected by the Court. (D.E. 25, 26). Plaintiff, therefore, cannot seek to rehash these failed arguments in his post-judgment Rule 59(e) motion. *See Templet,* 367 F.3d at 478-79. Plaintiff otherwise presents nothing to demonstrate that a manifest error of law or fact has occurred.

## III.  RECOMMENDATION

Because he is not entitled to any relief with respect to the Final Judgment entered against him, the undersigned respectfully recommends that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (D.E. 28) be **DENIED**.

Respectfully submitted on October 21, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

### **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).